# UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| GLENN DOYLE BEACH, JR., | Case No.: |
| | Honorable |
| Plaintiff, | Magistrate |
| vs. | |
| STEVEN T. MELLINGER III, | Removed From: |
| Individually, | Berrien County Circuit Court |
| | Case No. 19-0067-CK |
| Defendant. | Hon. Donna Howard |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Berrien, in the State of Michigan, is hereby removed by Defendant, Steven T. Mellinger, III, to the United States District Court for the Western District of Michigan, Southern Division, by the filing of this Notice of Removal.  As grounds for removal, Defendant states as follows:

1.      On or about March 22, 2019, Plaintiff, Glenn Doyle Beach, Jr., filed suit in the Berrien County District Court, State of Michigan, in a case entitled *Glenn Doyle Beach, Jr., v Steven T. Mellinger III*, Case No.: 19-0067-CK ("the State Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), a complete copy of all the process and pleadings received by Defendant in the State Court Action are attached hereto as **Exhibit 1.**

3.      Defendant first received a copy of the Summons and Complaint when the Complaint was served on April 3, 2019.

4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days after Defendant's receipt of the Summons and Complaint.

5.      There are no other Defendants named in this action.

6.      This Court is the District and Division "embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a). The Circuit Court for the County of Berrien is located in the Southern Division of the Western District of Michigan. 28 U.S.C. § 102(b)(1).

7.      This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

8.      This Court has original diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## COMPLETE DIVERSITY EXISTS

9.      <u>Plaintiff</u>: Plaintiff, Glenn Doyle Beach, Jr., is a citizen of Mississippi. For purposes of diversity jurisdiction, a person is a "citizen" of the State in which he is domiciled—meaning "physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48; 109 S. Ct. 1597; 104 L. Ed. 2d 29 (1989). Mr. Beach is a resident of the State of <u>Mississippi</u>, where he currently resides and intends to remain. *See* **Exhibit 1**, *Complaint*, ¶ 2.

10.      <u>Defendant</u>: As Plaintiff accurately recognizes, Mr. Mellinger is a citizen of <u>Florida</u>. Mr. Mellinger currently resides in Florida and intends to remain there. *See id.*, ¶ 3.

11.      Based on the above, complete diversity exists between Plaintiff and Defendant pursuant to § 1332.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

12.     Pursuant to 28 U.S.C. § 1332(a), upon information and belief, the amount alleged to be in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13.     Notwithstanding that the jurisdiction requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment or relief in its favor for any amount of damages.

14.     A Notice of Filing this Notice of Removal and a copy of this Notice of Removal has been filed with the Berrien County Circuit Court, State of Michigan, as required by 28 U.S.C. § 1446(d).  *See* **Exhibit 2.**  Copies of the same will be served upon all counsel of record upon the filing of this Notice.

WHEREFORE, Defendant hereby removes the State Court Action from the Berrien County Circuit Court, State of Michigan, to this Honorable Court, and requests that this Court take jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/     David M. Saperstein*
            David M. Saperstein (P49764)
*Attorneys for Defendant*
28400 Northwestern Hwy., 2nd Floor
Southfield, MI  48034
(248) 827-1885 / (248) 359-6185 fax
dsaperstein@maddinhauser.com

DATED:  April 22, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>April 22, 2019</u>, I caused to be electronically filed the above document(s) with the Clerk of the Court using the efiling system, which will send notification of such filing to all counsel of record.

MADDIN, HAUSER ROTH & HELLER, P.C.
<u>/s/     David M. Saperstein</u>
DAVID M. SAPERSTEIN (49764)
*Attorneys for Defendant*
28400 Northwestern Highway
2nd Floor – Essex Centre
Southfield, MI 48034
(248) 354-4030
dsaperstein@maddinhauser.com

Dated: April 22, 2019

# UNITED STATES DISTRICT COURT
## IN THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

GLENN DOYLE BEACH, JR.,

      Plaintiff,

vs.

STEVEN T. MELLINGER III,
Individually,

      Defendant.

Case No.:
Honorable
Magistrate

Removed From:
Berrien County Circuit Court
Case No. 19-0067-CK
Hon. Donna Howard

---

## **INDEX OF EXHIBITS**

| Exhibit | Description |
|---------|-------------|
| 1 | All process and pleadings filed in the State Court Action |
| 2 | Berrien County Circuit Court Notice of Filing Notice of Removal from State Court to the United States District Court for the Western District of Michigan |

# **EXHIBIT 1**

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| | **STATE OF MICHIGAN** | | **CASE NO.** |
|---|---|---|---|
| 2nd | **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY PROBATE** | **SUMMONS** | 2 0 1 9 0 0 6 7 - CK |

| Court address | Court telephone no. |
|---|---|
| 811 Port Street, 1st Floor, Saint Joseph, MI 49085 | 269-983-7111 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Glenn Doyle Beach, Jr.<br>123 Higgins Rd<br>Sumrall, MS 39482 | v | Steven T. Mellinger, III<br>8279 Lost Creek Ln<br>Delray Beach, Florida 33446 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Anthony J. Calamunci, Esq. P75076<br>6800 W. Central Ave., Suite E<br>Toledo, Ohio 43617<br>(419) 376-1776 | | *CPS2896*<br>*4/3/18*<br>*08:46* |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- ☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- ☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
- ☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- ☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
- ☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
- ☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- ☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. | **SUMMONS** |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>MAR 2 2 2019 | Expiration date*<br>JUN 2 1 2019 | Court clerk<br>SHARON J. TYLER |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (1/19) **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

EXHIBIT "B"

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN

GLENN DOYLE BEACH, JR.,

      Plaintiff,

v.

STEVEN T. MELLINGER III,
individually,

      Defendant.

_____/

FISHERBROYLES LLP
By:    Anthony J. Calamunci (P75076)
       Amy L. Butler (P80450)
Attorneys for Plaintiff
6800 W. Central Ave., Unit E
Toledo, Ohio 43617
(419) 376-1776

_____/

                There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed in this Court and dismissed or transferred after being assigned to a Judge.

## COMPLAINT

      NOW COMES Plaintiff, GLENN DOYLE BEACH, JR. ("**Mr. Beach**") and for his claims

against Defendant, STEVEN T. MELLINGER III ("**Mellinger**"), states and avers as follows:

### NATURE OF THE ACTION

      1.    This is an action by Mr. Beach against Mellinger for Breach of Contract arising

from Mellinger's breaches of his obligations pursuant to a written Financial Planning Consulting

Agreement ("**Consulting Agreement**") executed by the parties.  A copy of the Consulting

Agreement is attached as **Exhibit "A"** and is incorporated herein by reference.

## PARTIES, JURISDICTION AND VENUE

2.     Mr. Beach is an individual who resides and resided at all times material to this action in Lamar County, Mississippi.

3.     Mellinger is an individual who currently resides in Palm Beach County, Florida. Upon information and belief, Mellinger resided in Berrien County, Michigan at all times material to this action.  At all times material, Mellinger was and acted as a principal, agent, or other authorized representative on behalf of Advanced Financial Strategies, Inc. ("AFS"), a non-party to this action.

4.     The amount in controversy herein exceeds $25,000.00 and is otherwise within this Court's jurisdiction.

5.     Venue is proper in this county pursuant to a venue selection provision set forth in Section 11.1 of the Consulting Agreement that is the subject of this action, whereby the parties consent to "exclusive jurisdiction and venue in the federal and state courts sitting in Berrien County, Michigan.

## GENERAL ALLEGATIONS

### A.     *The Parties*

6.     Mellinger is an individual who holds himself out to the public as a financial planning professional.  Mellinger purports to hold expertise in, among other things, small business finance and personal financial planning.

7.     In December 2013, Mr. Beach was introduced to Mellinger, through a third party, in the context of Mr. Beach's interest in seeking out professional advice and consulting with respect to his finances.

2

8.      Mellinger solicited Mr. Beach heavily.  In conversations with Mr. Beach, Mellinger learned that Mr. Beach – for the first time in his life – recently had acquired significant business and financial success, yet he was generally inexperienced with respect to financial planning and investing strategies.

9.      Mellinger represented to Mr. Beach that he could provide consulting and advice with respect to, among other things, Mr. Beach's (a) financial planning structure, (b) business economics and financial matters; and (c) tax strategies.

10.     Based upon Mellinger's representations, Mr. Beach agreed to engage Mellinger's services.

**B.      *The Consulting Agreement***

11.     On December 19, 2013, Mr. Beach and Mellinger executed the Consulting Agreement.

12.     Although the preamble language at the top of the first page of the Consulting Agreement purports to identify as parties to the written contract various business entities owned and/or controlled by Mr. Beach and Mellinger respectively, the Consulting Agreement was executed by Mr. Beach and Mellinger solely in their respective individual capacities.  As a result, the Consulting Agreement is legally binding solely as to Mr. Beach and Mellinger in their respective individual capacities.

13.     Pursuant to Section 1 of the Consulting Agreement, Mellinger was obligated to perform the following services:

> [E]ngage in discussions and advice with [Mr. Beach], document review and consultation or operational implementation . . . to review [Mr. Beach's] existing financial structure, business economic and tax strategies . . . with the aim of exploring alternative structuring of [Mr. Beach's] financial structure, use of funds and other business and financial considerations and strategies . . .

3

14.     However, the Consulting Agreement specifically precluded Mellinger from soliciting or selling Private Offerings. Section 6.2 of the Consulting Agreement states:

> Client hereby acknowledges that some investments discussed by Mellinger with Client may be Private offerings and that Mellinger has disclosed to Client and hereby confirms that Mellinger is an Investment Adviser Representative with Eagle Strategies and is thereby prohibited from soliciting or selling such types of Private Offerings.

15.     Although the Consulting Agreement specifically obligated Mellinger to provide Mr. Beach with a wide range of financial advice and consulting services, Section 6.4 of the Consulting Agreement specifically excluded from its scope any financial advice, consulting, or planning services provided by or involving Stephen T. Mellinger, Jr., Mellinger's father ("Father").

16.     Section 6.4 of the Consulting Agreement states:

> One such referral for Private Offering's advice may be, but is not limited to, Stephen T Mellinger Jr., ("STMJr") an Indiana resident and the father of Mellinger. STMJr does advise on certain types of Private Offerings independent of Mellinger. Client hereby acknowledges that there is distinct difference between Mellinger and STMJr, taking not of the similarity in same and Client shall not consider or act to deem STMJr to be a party to this Agreement or a joint venture, partner, agent or representative of Mellinger whatsoever under this Agreement.

C.     *Mellinger Breaches the Consulting Agreement*

17.     During the term of the Consulting Agreement Mellinger breached the terms of the Consulting Agreement by failing to provide Mr. Beach with any services of value, use, or benefit with respect to Mr. Beach's personal or business finances.

18.     In particular, from December 2013 through 2016 Mellinger breached the Consulting Agreement by failing to provide Mr. Beach with any sort of useful or beneficial

4

professional-level financial consulting, planning, or advice with respect to Mr. Beach's existing financial structure or business economic and tax strategies. During this time, Mellinger interfaced with Mr. Beach only to the extent necessary to create the outward impression to Mr. Beach that Mellinger was providing a professional service, in order to cause Mr. Beach to pay unjustified fees that Mellinger invoiced pursuant to the Consulting Agreement.

19. For example, in December 2013 Mellinger purported to provide Mr. Beach with professional advice with respect to a deferred benefits plan. However, there was absolutely no value or utility to Mellinger's advice that possibly could have justified the fees charged to Mr. Beach.

20. Additionally, in January or February 2014 Mellinger advised and instructed Mr. Beach to form several business entities under the guise of providing professional financial planning services. Mr. Beach acted on Mellinger's advice and instructions because Mellinger represented that following his advice ultimately might yield significant financial benefits.

21. In reality, there was absolutely no possibility of Mr. Beach realizing any type of financial benefit by acting on Mellinger's advice and instructions to form the aforementioned entities. Mellinger's advice was given solely to lead Mr. Beach into believing that Mellinger's advice was being given in connection with a professional, long-term financial planning strategy on Mr. Beach's behalf.

22. Separately, Mellinger advised Mr. Beach that he should make Traci Lynn Beach, Mr. Beach's spouse, a co-owner of TLC RX, LLC ("TLC"), an entity that was wholly owned by Mr. Beach. Mellinger's advice was based upon his belief that a two-party limited liability company would provide Mr. Beach with certain tax advantages.

5

23. In fact, following Mellinger's advice provided Mr. Beach with absolutely no tax advantages.

24. Mr. Beach suffered damages as a proximate result of Mellinger's breaches of the Consulting Agreement.

**D.    *Mellinger's Father***

25. Mellinger purported to provide TLC with tax planning services, by and through several business entities bearing variations of the name "Intellectual Property Management Services" (collectively, "**IPMS**"), which were principally owned and/or managed by Mellinger's Father.

26. TLC suffered hundreds of thousands of dollars or more in damages resulting from Mellinger's fraud involving IPMS. Because services provided by or involving Mellinger's Father are specifically excluded from the scope of the Consulting Agreement, TLC's legal claims relating to Mellinger's fraud involving IPMS cannot be brought in the instant action and are, instead, the subject of a separately-filed lawsuit styled *TLC RX, LLC v. Steve Mellinger, et al.*, Case No. 2019-CA-001015, which is pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

27. All conditions precedent to the filing of this lawsuit have occurred or have been waived.

28. Plaintiff, Mr. Beach has engaged the undersigned law firm and has agreed to pay the undersigned attorneys' fees.

## COUNT I
## BREACH OF CONTRACT

Mr. Beach readopts and realleges his allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

6

29.     This is an action by Mr. Beach against Mellinger for Breach of Contract based upon Mellinger's breaches of his obligations pursuant to the terms of the Consulting Agreement.

30.     The Consulting Agreement is a valid, binding, and legally enforceable written contract.

31.     Mellinger breached his obligations under the Consulting Agreement as set forth herein.

32.     Mr. Beach has suffered damages as a proximate result of Mellinger's breaches of his obligations under the Consulting Agreement.

**WHEREFORE**, Plaintiff, Glenn Doyle Beach, Jr. demands judgment against Defendant, Steven T. Mellinger III for damages, prejudgment and post judgment interest, attorney's fees and costs, along with such other relief deemed just and proper.

DATED:       March 22, 2019

**FISHERBROYLES LLP**

By:  _/s/ Anthony Calamunci_
ANTHONY J. CALAMUNCI (P75076)
AMY L. BUTLER (P80450)
Attorneys for Plaintiff
6800 W. Central Ave., Unit E
Toledo, Ohio 43617
anthony.calamunci@fisherbroyles.com
amy.butler@fisherbroyles.com
(419) 376-1776

7

# Exhibit A

# Financial Planning Consultant Agreement

This Financial Planning Consultant Agreement  (this "Agreement") is made and entered as of December 19, 2013 into by and between Glenn Doyle Beach Jr. ("Client") and all of his or her wholly or majority owned corporations, limited liability companies, and any joint ventures and partnerships of which he or she is a joint venturer or partner, (collectively "Client Entities") and Stephen T Mellinger III ("STM III"), Advanced Financial Strategies, INC. ("AFS") and all of STM III's wholly or majority owned corporations, limited liability companies, and any joint ventures and partnerships of which he or she is a venturer or partner (collectively "STM III Entities"). STM III, AFS and STM III Entities are hereinafter collectively referred to as "Mellinger."

## RECITALS

A.     Client is engaged in business and seeks advice and consultation on financial planning strategy alternatives in the U.S. and international economic environment;

B.     Mellinger has small business and personal financial planning expertise;

C.     Client desires for Mellinger to advise on alternative financial planning objectives, considerations and alternatives.

NOW THEREFORE, for good and valuable consideration, receipt of which is hereby acknowledged, the Parties hereby agree as follows:

## AGREEMENT

1.     <u>Financial Planning Adviser</u>.  Client hereby agrees to the terms and conditions set forth in this Agreement pursuant to which Client has requested Mellinger to engage in discussions and advice with Client, document review and consultation or operational implementation (collectively the "Consulting Services") to review Client's existing financial planning structure, business economic and tax strategies (the "Strategies") with the aim of exploring alternative structuring of Client's financial structure, use of funds and other business and financial considerations and strategies (the "Financial Planning Strategies").

2.     <u>Compensation</u>. Mellinger hereby discloses, and Client hereby acknowledges that Mellinger is an Investment Adviser Representative with Eagle Strategies, LLC ("Eagle Strategies") a Registered Investment Advisory firm. Compensation to Mellinger for the Services hereunder shall be as set forth in Exhibit "A", attached hereto and incorporated herein by this reference. Client shall pay all fees earned for the Services rendered by Mellinger hereunder, to Eagle Strategies, and such fees are the only direct compensation Mellinger may receive from Client.

3.     <u>Non-Disclosure of Mellinger's Methods and Advice</u>.  Mellinger has invested substantial time and money in developing the planning Strategies. The Financial Planning

Strategies know-how is therefore deemed to be proprietary and confidential and is provided by Mellinger to Client subject to confidential trade secret use by Client as adapted to Client's existing business operations or implementation by Client of any of the Financial Planning Strategies. Accordingly, Client hereby agrees not to disclose any of the Financial Planning Strategies, including any methods or procedures recommended by Mellinger as a Strategy to any third party who is not an accountant or attorney or an employee, agent, member, officer, director or shareholder with Client and subject to the terms and conditions of this Agreement, including without limitation, any third person individual or entity who or that can be considered a competitor of Mellinger. Client may disclose the planning Strategies under consideration by Client to Client's CPA, attorney or employee, agent, member, officer, or director with Client with a need to know and who is caused by Client to be subject to the terms and conditions of this Agreement.

4.     Limited Use of Financial Planning Strategies/No Warranty or Representation. The Strategies and Financial Planning Strategies recommended to Client under this Agreement are subject to review and approval by Client's CPA, tax or other attorneys and other financial advisors, subject to the Non-Disclosure provisions of this Agreement.

4.1     The consultations and advice to Client under this Agreement do not involve the preparation of any offering for an investment opportunity, tax preparation or state or federal tax filing document, including without limitation, any books of account, federal or state tax returns, wills or trusts, or the advice or preparing or aiding in the preparation of any contract or any documents in any court proceeding.

4.2     As a part of the development of the Strategies, Mellinger has provided Client with information that includes financial projections, spread sheets and pro formas that are for the purpose of aiding Client in assessing whether or not to adopt and implement any of the Financial Planning Strategies. Any financial projections provided as a part of the Strategies depend on various assumptions, which may prove to be incorrect. There is no assurance that actual events will correspond with such assumptions. Future results and Client's Financial Planning Strategies actual outcomes are impossible to predict with any real accuracy and no representation or warranty of any kind is made by Mellinger, or its representatives, including, without limitation, Stephen T. Mellinger, Jr., respecting the current or future accuracy or completeness of, and no representation is to be inferred from, such projections.

5.     Professional Referrals. As a part of the Services, Mellinger may from time to time, recommend certain independent contractor third party advisors such as CPAs, attorneys, Third Party Administrators, Foundations or other professionals or companies (collectively the "Referrals") to aide in the implementation of any Financial Planning Strategies that may be recommended by Mellinger and selected by Client to facilitate the implementation of a Financial Planning Strategy. The decision to engage any of the Referrals shall be made in the sole discretion of Client. All engagements by Client of any Referrals shall not be or be deemed to be a part of the Services provided under or pursuant to this Agreement. Payment of any and all fees

2

charged or earned by Referrals shall be the responsibility of Client and Mellinger shall not be paid or participate whatsoever in any such fees charged or earned by Referrals.

6. <u>General Discussions Regarding Investments/Exceptions</u>. Client is entitled (but not bound) to accept as genuine any verbal, general conversations with Mellinger regarding certain investments. Client is not, however obliged to act on any such investment so discussed and should not act on any investment so discussed without first conducting Client's own due diligence and obtaining Client's own, independent advice from client's own investment, tax and financial advisors on any such investment so discussed.

6.1 A security ("Security") is defined herein as any proof of ownership or debt that has been assigned a value and may be sold. A Security includes notes, stocks, bonds, debentures and any instrument commonly known as a security. A private placement ("Private Offering") is defined herein as the offer and sale of any Security not involving a public offering. Private Offerings are not the subject of a registration statement filed with the SEC under the 1933 Act. To qualify as a Private Offering, an offering by an issuer must meet either the requirement of Sections 3(b) or 4(2) of the 1933 Act as developed through SEC interpretation and court decisions or must follow the conditions set out under Regulation D of the 1933 Act.

6.2 Client hereby acknowledges that some investments discussed by Mellinger with Client may be Private Offerings and that Mellinger has disclosed to Client and hereby confirms that Mellinger is an Investment Adviser Representative with Eagle Strategies and is thereby prohibited from soliciting or selling such types of Private Offerings.

6.3 In the event that Client expresses any interest in any such type of Private Offerings. Mellinger may but is not obligated to provide Client with the names of third party referrals who may assist Client in assessing or further pursuing these types of Private Offerings independent of any involvement of Mellinger under this Agreement or otherwise.

6.4. One such referral for Private Offering's advice may be, but is not limited to, Stephen T Mellinger Jr., ("STMJr") an Indiana resident and the father of Mellinger. STMJr does advise on certain types of Private Offerings independent of Mellinger. Client hereby acknowledges that there is distinct difference between Mellinger and STMJr, taking note of the similarity in name and Client shall not consider or act to deem STMJr to be a party to this Agreement or a joint venturer, partner, agent or representative of Mellinger whatsoever under this Agreement.

7.    Indemnity.

7.1    Client hereby agrees to indemnify (this "Indemnity") and hold harmless Mellinger, Advanced Financial Strategies, Inc., Eagle Strategies, LLC, New York Life Insurance Company, its officers, directors, shareholders, agents, employees and assigns, including all of its related entities, including without limitation, NYLIFE Securities, LLC, and any and all other companies Mellinger may represent and Mellinger's Errors and Omissions Insurance Carrier and its policies (collectively the "Indemnitees") from and against any claim, loss, damage, action and cause of action described below which Mellinger may sustain or incur, including costs of defense, attorneys fees and costs of suit, as a consequence of (a) any implementation of any Financial Planning Strategy or Strategy implemented by Client under this Agreement; (b) any investment or Registered Investment made by Client and discussed with Mellinger pursuant to Section 6, hereof; (c) any action or recommendation or fee dispute arising from Client engaging or acting upon the professional advice of a Professional Referral pursuant to Section 5, hereof; or (c) any engagement by Client of or agreement entered into by Client with STMJr.

7.2    Indemnitees shall give Client written notice of any claim, action or cause of action, which may or might arise under this Indemnity and Client shall promptly provide such Indemnitee with reasonable representation and costs of defense to defend such claim, action or cause of action.

8.    Notices.  Any notice, demand, or request with respect to this Agreement shall be in writing and shall be effective only if it is delivered by personal service, by air courier with receipt of delivery, by electronic mail, by facsimile, or mailed, certified mail, return receipt requested, postage prepaid, to the address set forth above.  Such communications shall be effective when they are received by the addressee; but if sent by certified mail in the manner set forth above, they shall be effective five (5) days after being deposited in the mail.  Any party may change its address for such communications by giving notice to the other party in conformity with this section.  Notices shall be sent to the following addresses:

Mellinger:    Stephen T. Mellinger, III

1480 Stonecreek Drive

Niles, MI 49120

Tel:    (269) 262-0164

Email:  steve@ advancedfinancialstrategies.com

4

Client:      (NAME):  Glenn Doyle Beach Jr.

675 US HWY 98 W

Hattiesburg, MS 39402

Tel:  ( ) _____ - _____

Fax:  ( ) _____ - _____

Email: _____ @ _____ . _____

9.    **Independent Contractor Relationship.** Contractor's relationship with Client is that of an independent contractor, and nothing in this Agreement is intended to, or should be construed to, create a partnership, agency, joint venture, or employment relationship.  This Agreement is a personal services agreement as to the Services provided by Mellinger under this Agreement.

10.    **No Agency.**  Mellinger is not Client's agent or representative and has no authority to bind or commit Client to any agreements or other obligations.

11.    **Miscellaneous Provisions.**

11.1 **Governing Law, Jurisdiction and Attorney's Fees.**  This Agreement shall be governed by and construed in accordance with the laws of the State of Michigan, without regard to its choice of law principles.  The parties consent to exclusive jurisdiction and venue in the federal and state courts sitting in Berrien County, Michigan.  In any action or suit to enforce any right or remedy under this Agreement or to interpret any provision of this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees, costs and other expenses.

11.2 **Financial Planning Agreement.** This Agreement may or may not be accompanied by a separate Financial Planning Agreement by and among Eagle Strategies, LLC, Client and Mellinger.  In the event that Client and Mellinger were to enter into a separate written agreement with Eagle Strategies, then in that event: a) that agreement shall be and become an exhibit to this agreement, and incorporated herein by reference; and b) any conflict in any provision in that agreement and this Agreement, the provision of the Eagle Strategies, LLC Financial Planning Agreement shall be controlling.

11.3 **Entire Agreement.**  Except as provided in Section 11.2, hereinabove, this Agreement, including the Exhibits, constitutes the entire understanding and agreement of the parties with respect to its subject matter and supersedes all prior and contemporaneous agreements or understandings, inducements or

5

conditions, express or implied, written or oral, between the parties.

11.4 <u>Amendment and Waivers</u>. Any term or provision of this Agreement may be amended, and the observance of any term of this Agreement may be waived, only by a writing signed by the party to be bound. The waiver by a party of any breach or default in performance shall not be deemed to constitute a waiver of any other or succeeding breach or default. The failure of any party to enforce any of the provisions hereof shall not be construed to be a waiver of the right of such party thereafter to enforce such provisions.

11.5 <u>Severability.</u> If any provision of this Agreement is held by a court of law to be illegal, invalid or unenforceable, (a) that provision shall be deemed amended to achieve as nearly as possible the same economic effect as the original provision, and (b) the legality, validity, and enforceability of the remaining provisions of this Agreement shall not be affected or impaired thereby.

11.6 <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors, executors, heirs, representatives, administrators and permitted assigns of the parties hereto.

**IN WITNESS WHEREOF**, the parties have executed this Agreement effective as of the day and date first above written.

_____
Glenn Doyle Beach Jr.

_____
Stephen T Mellinger III

6

# **<u>EXHIBIT 2</u>**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN

GLENN DOYLE BEACH, JR.,

      Plaintiff,

vs.

STEVEN T. MELLINGER III,
Individually,

      Defendant.

Case No. 19-0067-CK
Hon. Donna Howard

| | |
|---|---|
| FISHERBROYLES LLP<br>ANTHONY J. CALAMUNCI (P75076)<br>AMY L. BUTLER (P80450)<br>Attorneys for Plaintiff<br>6800 W. Central Ave., Unit E<br>Toledo, Ohio 43617<br>(419) 376-1776<br>anthony.calamunci@fisherbroyles.com<br>amy.butler@fisherbroyes.com | MADDIN HAUSER ROTH & HELLER,<br>P.C.<br>DAVID M. SAPERSTEIN (P49764)<br>MARY C. ARETHA (P78825)<br>Attorneys for Defendant<br>28400 Northwestern Hwy, 2nd Floor<br>Southfield, MI 48034<br>(248) 354-4030<br>(248) 359-6185 Fax<br>dsaperstein@maddinhauser.com |

## NOTICE OF FILING OF NOTICE OF REMOVAL FROM THE BERRIEN COUNTY CIRCUIT COURT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN

      PLEASE TAKE NOTICE that the Notice of Removal of the above-captioned case from

the Berrien County Circuit Court to the United States District Court for the Western District of

Michigan, Southern Division, a copy of which is attached hereto as **Exhibit 1**, was electronically

filed on **April 22, 2019**, with the Clerk of the United States District Court for the Western District

of Michigan, Southern Division.  Pursuant to 28 USC 1446(d), this Court shall not proceed further

unless or until the Case is remanded.

03082105 v1
06196-0372

1

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

By: _____
　　　David M. Saperstein (P49764)
*Attorneys for Defendant*
28400 Northwestern Hwy., 2nd Floor
Southfield, MI  48034
(248) 827-1885 / (248) 359-6185 fax
dsaperstein@maddinhauser.com

DATED:  April 22, 2019

---

### PROOF OF SERVICE

　　　I served **Notice of Filing of Notice of Removal** and this Proof of Service upon the attorneys of record and/or parties in this case on April 22, 2019.  I declare the foregoing statement to be true to the best of my information, knowledge and belief.

■ U.S. Mail　　　　　　　❑ Fax
❑ Hand Delivered　　　　❑ Messenger
❑ Express Mail Private　　❑ Other: Electronic efile System

_____
/s/ Kathleen Mitzner
Kathleen Mitzner